**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DAIMON WILLIAMS**                                    **CRIMINAL ACTION**

**VERSUS**                                                          **NO. 05-0086**

**JAMES MILLER, JR.**                                      **SECTION B**


<u>**OPINION**</u>

<u>**Factual Background**</u>

Petitioner is incarcerated at the Washington Correctional Institute at Angie, Louisiana. This case was instituted by a Bill of Information filed in Jefferson Parish on May 4, 2001.  The Report states that on March 30, 2001, Williams (Petitioner) was charged with one count of possession of cocaine.[1]

The charge stemmed from an incident on March 30, 2001, in which Petitioner was loitering in front on an apartment complex with another male.  When they saw the police car with Officers Lassiegne and Goodwin, both men turned and walked away.  The police car followed them, and Petitioner began to run while the other male continued to walk.  Officer Lassiegne followed Petitioner, observed him throwing an object into the bushes near the corner of a building, and finally apprehended and detained him when Petitioner finally stopped.[2]

---

[1] *See* Report and Recommendation at p. 2.
[2] *Id.*

Officer Lassiegne retrieved the object thrown into the bushes.  This object recovered was a small plastic bag containing off-white colored rocks that later tested positive as cocaine.[3]  Petitioner denied ownership of the bag containing cocaine.[4]

## Procedural Background

After jury trial, Petitioner was found guilty and sentenced to serve five years of hard labor.[5]

Thereafter, on September 27, 2001, Petitioner was charged as a fourth felony offender under the multiple offender statute and on April 23, 2002, the previous sentence was vacated and Williams was re-sentenced to thirty years of hard labor.  On May 23, 2002, the trial court denied, without reasons, the Motion to Reconsider Sentence filed by Petitioner's counsel.[6]

The Louisiana Fifth Circuit affirmed the conviction on February 25, 2003, holding that Petitioner's claims were without merit.[7]  The conviction became final on March 27, 2003, 30 days after the issuance of the appellate court's opinion, with no further appellate review being

---

[3] The object's description was taken from the opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal.  *State v. Williams,* 841 So.2d 936, 938-940 (La. App. 5th Cir. 2003); St. Rec. Vol. 1 of 5, 5th Cir. Opinion, 02-KA-1016, 2/25/03.

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.  The claims are as follows: (1) the trial court erred by failing to order a pre-trial competency hearing; (2) the trial court erred in failing to declare a mistrial premised upon the prosecutor's closing argument referencing Petitioner's criminal record; (3) the trial court imposed an excessive sentence; and (4) the appellate court should review for errors patent.

available.[8]

Over four months later, Petitioner filed an untimely Writ Application with the Louisiana Supreme Court, seeking review of his appellate claims.[9]  This Writ was postmarked July 21, 2003 and filed August 1, 2003.[10]  The court denied the application without reasons on August 20, 2004.[11]

Petitioner also filed a Motion to Correct Illegal Sentence with the trial court on October 15, 2003, which he later moved to dismiss, and the trial court granted his Motion to Dismiss on November 19, 2003.[12]

Petitioner filed a Uniform Application for Post Conviction Relief with the trial court on November 21, 2003, raising the following grounds for relief: (1) trial court erred in admitting uncertified, unauthenticated copies of his arrest register at the multiple bill proceeding; (2) insufficient evidence was used to proved the defendant's identity as the prior felon; (3) the trial court erred in finding him to be a multiple offender; (4) the trial court failed to advise him of his constitutional rights prior to the multiple bill hearing; and (5) the trial court failed to impose an appropriate fine as part of the sentence.[13]  The trial court denied the application on December 2,

---

[8] *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding an appeal is final when the petitioner does not timely proceed to the next available step in an appeals process).

[9] La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeals shall be made within 30 days of the issuance of the judgment.  *See also* La. Code Crim. Proc. art. 922(A).

[10] *Id.* at 4, 5.

[11] *Id.* at 5.

[12] *Id.*

[13] *Id.*

2003, as procedurally improper, pursuant to La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) (claims of excessive sentence or errors in sentencing which should be raised on direct appeals does not constitute proper grounds for post-conviction relief).

Forty days later, on January 13, 2004, Petitioner filed an untimely Writ Application with the Louisiana Fifth Circuit seeking review of the trial court's order, which was denied on January 16, 2004.[14]

Petitioner then sought further review in a Writ Application filed with the Louisiana Supreme Court on March 22, 2004, which was marked for mailing purposes on February 12, 2004, alleging the following grounds for relief: (1) trial court error by admitting uncertified, unauthenticated copies of arrest register; (2) insufficient evidence to support multiple offender adjudication; (3) failure of the trial court to inform Petitioner of his constitutional rights prior to the multiple offender proceeding; (4) ineffective assistance of counsel during the multiple offender bill proceeding.[15]  This Writ Application was denied without reasons on February 18, 2005.[16]

The Petitioner filed an application for federal habeas corpus on February 1, 2005.[17] The Government's response argued that Petitioner's federal petition is untimely filed and the claims

---

[14] Louisiana law provides a 30-day period to file with the circuit court of appeal, for review of a trial court's ruling.  *See* La. Code Crim. P. art. 922.
[15] *See* Report and Recommendation at 6.
[16] *Id.*
[17] *Id.* at 7.

4

are otherwise procedurally defaulted.[18]  Petitioner responded by arguing that the Court should

disregard state-imposed procedural bars to his claims and argues that his efforts to exhaust state

court remedies should be considered in determining the timeliness of the petition.[19]

**Petitioner's Grounds for Habeas Corpus Relief:**

The Petitioner raises the following claims in his federal application for habeas corpus

relief:

(1) The trial court erred in admitting uncertified, unauthenticated copies of the arrest

register.

(2) The evidence was insufficient to support the multiple offender adjudication.

(3) The trial court failed to inform him of his constitutional rights prior to the multiple

offender proceeding.[20]

**Timeliness:** Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

petitioner has one year to apply for federal habeas corpus relief from "the latest of—(A)the date

on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."[21] 28 U.S.C.A. § 2244(d)(1)(A).

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] The AEDPA applies to the instant case because it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 260, 138 L.Ed.2d 481 (1997).  The judgment became final on March 27, 2003 because the thirty day time period after the state appellate court's opinion had passed and no further appellate review would be available.

However, under AEDPA "[t]he time during which a properly filed application for state post-conviction . . . claim is pending shall not be counted toward any period of limitation." 28 U.S.C.A. § 2244(d)(2). The Magistrate Judge recommends that the Petitioner's filing time be tolled from October 15, 2003 the date of the Petitioner's Motion to Correct Illegal Sentence, until November 19, 2003, when the trial court granted Petitioner's Motion to Dismiss the prior Motion.[22]  Petitioner then filed a Uniform Application for Post Conviction Relief on November 21, 2003, thus entitling him to statutory tolling until the trial court denied the application on December 2, 2003.[23]  The next Writ Application that Petitioner filed with the Louisiana Supreme Court entitled him to further statutory tolling from February 12, 2004 until the Writ's denial on February 18, 2005.  According to this analysis, the Petitioner has timely filed under the tolling provision of AEDPA.

The Government contends that the Writ should be denied as untimely, urging the court to consider the filing date of March 22, 2004, not the metered date of February 12, 2004, as the date of "filing".[24]  However, in the Fifth Circuit, prisoners submitting pleadings to federal courts pro se can benefit from the "mailbox rule."[25]  Under the "mailbox rule," the date when prison officials receive the pleading for delivery to the court is considered the time of filing for statutory timeliness purposes.  Like *Harris*, in which the *pro se* prisoner filed a timely

---

[22] *See* Report and Recommendation at 5.
[23] *Id.*
[24] *See* Government's Objection to Magistrate Court's Report and Recommendation at 2.
[25] *See Roberts v. Cockrell,* 319 F.3d 690, 691 n2 (5th Cir. 2003)(holding that a prisoner's habeas application is considered "filed" when delivered to prison authorities).  *See Also Harris v. Cain*, 2006 WL 378329 n6 (E.D.La. 2006) (stating the date a prisoner's writ for habeas corpus is metered is considered "filed" for statue of limitations purposes).

application for post-conviction relief and the court held that he was entitled to statutory tolling under the "mailbox rule," Williams should also receive statutory tolling.  Here, the metered date of February 12, 2004 should be considered the date of the filing, even though under Rule X §5(a) the date on an official US postmark, receipt, or certificate from the United States Postal Service constitutes the time of filing, for statute of limitation purposes.[26]  Petitioner is a pro se litigant in prison.  Thus, the Government's objection that this court dismiss the petition with prejudice on the grounds of expiration of the limitations period should be overruled, as the Court considers February 12, 2004 as the date of filing.

**B.  State Imposed Procedural Bar:**

The government contends that Petitioner is in procedural default of the claims raised in the federal petition.  A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state law ground that is independent of the federal claim and adequate to support that judgment.[27]  In this instance, the "independent and adequate state law" doctrine applies to the procedural grounds, affecting federal review of a claim for post-conviction relief.[28]  The state courts barred review of Williams' claims based on procedural default pursuant to La. Code Crim. P. Art. 930.3 because Petitioner's claims arising from the multiple offender bill proceedings were not properly raised.[29]

To overcome the "independent and adequate state law" doctrine, Petitioner must show

---

[26] *See* Government's Objection to Magistrate Court's Report and Recommendation at 2.
[27] *See Harris v. Reed*, 489 U.S. 255, 260, 262 (1989).
[28] *See* Report and Recommendation at 12.
[29] *Id.*

either "cause or prejudice" or "fundamental miscarriage of justice."  Petitioner fails to do so. Petitioner failed to show cause or prejudice for his failure to raise his claim in a timely manner. Williams has not shown that his counsel's actions were constitutionally deficient.[30]  Because he has not shown "cause" the Court does not need to address the question of the existence of prejudice.[31]  Moreover, Williams has not alleged any actual prejudice.

Petitioner's final avenue of overcoming the procedural bar is to establish that a fundamental miscarriage of justice will occur if the court does not hear the merits of his claims.[32] To establish that a fundamental miscarriage of justice would occur, Petitioner must provide evidence to support a "colorable showing of factual innocence" by creating a reasonable doubt as to his guilt or establishing actual innocence.[33]  The Fifth Circuit has held that habeas petitioners cannot overcome the procedural bar by simply showing the existence of an error.  Petitioners must show that the court would have imposed a lower sentence absent the error.[34]  However, Williams has not raised or shown actual innocence, thus failing to overcome the procedural bar.

Not only has Petitioner failed to meet any of the exceptions to the procedural bar under the Magistrate Judge's analysis, he failed to file any objections to the Magistrate Judge's Report and Recommendations.

---

[30] *Id.* at 13.

[31] *Engle v. Issac*, 456 U.S. 107, 134 n.43 (1982) (stating that Government lacked cause for its default so Court need not consider whether Government also suffered from actual prejudice).  As applied in this circuit, *See Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997).

[32] *See* Report and Recommendation at 14.

[33] *Id.*

[34] *See United States v. Navarro-Molina*, 169 Fed.Appx. 886, 890 (5th Cir. 2006) (stating that a defendant must do more than raise a mere possibility that error affected sentencing to satisfy "miscarriage of justice" exception permitting review).

**IT IS ORDERED** that the Magistrate Judge's recommendations be **ADOPTED** on the first issue of timeliness and the second issue of the state imposed procedural bar.  Williams' petition for *habeas corpus* relief is **DENIED**.

New Orleans, Louisiana, this 24th day of July, 2006

**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**

9